UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| ALLEN MEADOR, II,<br><br>    Plaintiff,<br><br>V.<br><br>DR. GROWSE,<br><br>    Defendant. | CIVIL ACTION NO. 5:12-CV-120-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\*

Plaintiff Allen Meador, II, proceeding without counsel, has filed a motion [R. 37] pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the summary judgment entered on March 12, 2014, in favor of the defendant, Michael Growse, M.D. Meador contends that when the Court granted Dr. Growse's motion for summary judgment, it improperly considered Dr. Growse's Declaration [R. 33], which Dr. Growse's counsel filed under seal on March 7, 2014, pursuant to a "Notice of Clarification of Sealed Document" [R. 32]. Through his counsel, Dr. Growse has filed a response [R. 38] to Meador's Rule 59(e) motion. For the reasons set forth below, Meador's motion to alter or amend the summary judgment in favor of Dr. Growse lacks merit and will be denied.

**BACKGROUND**

In April 2012, Meador filed this civil rights action, alleging that he suffered from chronic pain related to a pancreatic condition which was diagnosed in 2005, and that Dr. Growse's decision to change his pain management regimen in 2011 amounted to deliberate indifference to his serious medical needs and violated his right to right to be free from cruel

and unusual punishment, guaranteed by the Eighth Amendment of the U.S. Constitution. Meador sought substantial monetary damages from Dr. Growse for the pain and suffering which he alleges that he endured between March 3, 2011, and September 16, 2011.

On April 8, 2013, Dr. Growse filed, through his counsel, a motion "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" [R. 22], to which to which he attached a 16-page Memorandum of Law [R. 22-1] in support of his motion. On that same date, Dr. Growse's counsel filed, under seal, 209 pages of Meador's medical records. [R. 24] In his Memorandum of Law, Dr. Growse argued that Meador had failed to state a claim of deliberate indifference; that any changes made to Meador's medication regimen were warranted because of Meador's misconduct in hoarding medication in violation of prison rules; that at all times, Meador had received all medications and other forms of necessary medical treatment as to his pancreatic condition; that he was entitled to qualified immunity as to Meador's Eighth Amendment claims; and that he was entitled to summary judgment.

Dr. Growse's Memorandum of Law contained repeated references to his Declaration, cited to specific paragraphs of that Declaration, and summarized Meador's medical condition, events relating to Meador's medical condition, and the medical treatment which Meador had received at FMC-Lexington between March 2009 and July 2012. *See* R. 22-1, pp. 1-5; p. 8. It appears, however, that although Dr. Growse referred to his Declaration throughout his Memorandum of Law, the Declaration *itself* was not actually filed on April 8, 2013, as an attachment to the motion to dismiss/summary judgment and Memorandum of Law. The Declaration was filed in the record, under seal, on March 7, 2014. *See* R. 33. In her "Notice of Clarification," Dr. Growse's counsel explained that the Declaration may have been inadvertently omitted from the record. *See* R. 32, p. 1.

On July 2, 2013, Meador filed a 14-page Response [R. 29] to Dr. Growse's motions. Meador also filed a 3-page document entitled "Declaration of Allen Meador, II, in Support of Mental Anguish as a Rusult [sic] of Having his Medication Delayed." [R. 29-1] In neither his response nor his own declaration did Meador mention, or refer to, or object to the fact that Dr. Growse's actual Declaration had not been filed in the record on April 8, 2013. Instead, Meador acted as if that document *had been* filed in the record on April 8, 2013, because in his Response, Meador identified and cited numerous paragraphs of Dr. Growse's "Declaration," as if the Declaration had actually been filed in the record. *See* Meador Response [R. 29, pp. 2, 3, 4, 6, 8, (referring either to "Growse Decl." or "Id."]

Further, on January 24, 2014, the Clerk of the Court received a letter from Meador, in which he requested a copy of the docket sheet. [R. 31] On that same date, the Clerk of the Court mailed a copy of the docket sheet to Meador. *See* docket notation to R. 31. At no time between January 24, 2014, and March 7, 2014, did Meador file a letter or pleading objecting to (or for that matter, even noting) the fact that Dr. Growse's actual Declaration was missing from his April 8, 2013, motion to dismiss/summary judgment.

As noted, on March 7, 2014, Dr. Growse's counsel filed Dr. Growse's actual Declaration in the record under seal, explaining that the Declaration may have been inadvertently omitted from the record when the motion to dismiss/summary judgment was filed eleven months before. *See* "Notice of Clarification," R. 32, p. 1. Dr. Growse's Declaration sets forth his version of Meador's medical history at the prison, his version of the relevant facts concerning Meador's medical treatment (including Meador's disciplinary conviction for secretly hoarding medication), and his professional opinion about both Meador's medical condition and the adjustments he ordered to Meador's medication regimen.

3

On March 14, 2014, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") in which it granted Dr. Growse's motion for summary judgment, concluding that based on the record, Meador had not established that Dr. Growse had been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the U.S. Constitution. [R. 34] The Court then entered judgment in favor of Dr. Growse. [R. 35] On that same date, Meador placed in the prison mail system a two-page pleading in which he objected to the filing of Dr. Growse's actual Declaration in the record, arguing that the Declaration "…is now untimely to be introduced into evidence….," and that "…the defendant never served him that declaration." [R. 36, p. 1] Meador asked the Court to exclude Dr. Growse's actual Declaration from the record. [*Id.*] On March 20, 2014, the Clerk of the Court received Meador's pleading and filed it in the record on that date. [*Id.*].

On April 8, 2014, Meador filed his Rule 59(e) motion. [R. 37] Meador argues that the Opinion and Order and Judgment should be set aside because Dr. Growse did not receive permission to file his actual Declaration on March 7, 2014, (months after he had filed his motion to dismiss/summary judgment), and because he (Meador) had filed an objection to the late filing of Dr. Growse's actual Declaration. [*Id.*] Meador claims that he was prejudiced by the filing of Dr. Growse's Declaration on March 7, 2014, and the Court's reliance on it was clear error of law. [*Id.*]

On April 18, 2014, Dr. Growse responded to Meador's Rule 59(e) motion, arguing that Meador had not objected in a timely fashion to the fact that the actual Declaration had not been filed in the record in April 2013, and that Meador suffered no actual prejudice based on the fact that the Declaration was not filed in the record until March 2014. [R. 38] Dr. Growse further argued that the record contained overwhelming evidence that supported the result reached in the Opinion and Order, *i.e.*, that the temporary change in Meador's medications--based on Meador's admitted violation of BOP rules by pretending to take

4

medications but instead hoarding them--did not amount to deliberate indifference to Meador's serious medical needs.

**DISCUSSION**

A district court may only grant a Rule 59(e) motion to alter or amend the judgment if there has been "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Cons.Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)). However, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F.Supp.2d 721, 726 (E.D. Mich. 2000). Meador has not satisfied any of these criteria.

The Court did not commit clear error of law when it considered Dr. Growse's Declaration. First, as Dr. Growse correctly notes, and contrary to Meador's assertion, Dr. Growse was *not* required to seek the Court's permission to file his actual Declaration in the record on March 7, 2014. Dr. Growse was merely filing a document to which he had referred in his motion to dismiss filed eleven months before; which had been inadvertently omitted from that motion; and to which Meador had referred in his July 2, 2013, Response to Dr. Growse's motion to dismiss.

Second, Dr. Growse's actual five-page Declaration was admittedly not filed in the record until March 7, 2014, but the delayed filing of the actual Declaration did not prejudice Meador in any respect. This is because the substantive contents of that Declaration were set forth, in detail, in Dr. Growse's Memorandum of Law [R. 22-1] that accompanied his

5

motion to dismiss/summary judgment [R. 22], both of which were filed on April 8, 2013. Viewing Dr. Growse's actual Declaration (filed on March 7, 2014) side-by-side with his Memorandum of Law (filed on April 8, 2013), it is clear that pages 2-5 of Dr. Growse's Memorandum of Law convey the same information, facts, and opinions that are set forth in his actual Declaration. In fact, Dr. Growse's Memorandum of Law contained more than a "summary" of his Declaration; it was almost a word-by-word recitation, or tracking, of the factual history and his medical opinions contained in his actual Declaration filed eleven months later. Apparently through mere oversight, Dr. Growse's counsel failed to attach Dr. Growse's actual Declaration to the motion to dismiss/summary judgment, but the substance of what Dr. Growse said in his Declaration was in fact conveyed, almost *verbatim*, in his Memorandum of Law filed on April 8, 2013.

As Dr. Growse correctly observes, Meador had almost an entire year (from April 8, 2013, to March 7, 2014) in which to object to the fact--or at least note--that Dr. Growse's actual Declaration had not been filed in the record as an attachment to his motion to dismiss/summary judgment. The record reveals that Meador made no such objection, nor did he file a motion during that eleven-month interval asking that Dr. Growse be directed to file his actual Declaration in the record.

Indeed, Dr. Growse's Memorandum of Law contained a summary of his Declaration that was so detailed and complete, that in his own response to Dr. Growse's motion to dismiss, Meador referred to, and cited specific paragraphs of Dr. Growse's Declaration *as if it had in fact been filed in the record*. Even so, Meador now contends that the filing of Dr. Growse's actual Declaration on March 7, 2014, caused him actual prejudice. "Prejudice" is defined, among other things, as "the harm or injury" inflicted by one person on another person. *The American Heritage Dictionary of the English Language* (1969); *see, e.g., Tankesly v. Mills*, 491 F. App'x 649, 655 (6th Cir. 2012) (explaining that in order to

establish the "prejudice" element of a Sixth Amendment ineffective assistance of counsel claim, the petitioner had to prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Meador alleges no facts establishing that he suffered actual "harm or injury" because of the filing of Dr. Growse's actual Declaration on March 7, 2014, nor has he alleged facts suggesting that but for the filing of that document on March 7, 2014, the outcome of this proceeding would have been different. Given the fact that between April 8, 2013, and March 7, 2014, Meador failed to object to, or even comment on, the fact that the Declaration had not been filed in the record, and given the fact that Meador instead acted as if the Declaration had in fact been filed in the record on April 8, 2013, he cannot legitimately argue that the late filing of Dr. Growse's actual Declaration in the record eleven months later prejudiced or adversely affected him in any respect. In fact, the Court draws the opposite conclusion from these facts and determines that the doctrine of equitable estoppel bars Meador's current claim.

A party triggers equitable estoppel by conduct inconsistent with a position later adopted that prejudices the rights of the other party who detrimentally relied on the prior conduct." *Horton v. Ford Motor Co.*, 427 F.3d 382, 388 (6th Cir. 2005). A party claiming equitable estoppel must show:

> (1) conduct or language amounting to a representation of material fact; (2) awareness of true facts by the party to be estopped; (3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended; (4) unawareness of the true facts by the party asserting the estoppel; and (5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

*Id.*

From all objective indications in the record, Meador conducted himself as if Dr. Growse's actual Declaration had been filed in the record on April 8, 2013. Not until Dr. Growse's counsel filed his Notice of Clarification on March 7, 2014, did Meador make an issue of the omission, which as discussed, did not adversely impact him. Therefore, Meador is equitably estopped from now arguing that the filing of Dr. Growse's actual Declaration on March 7, 2014, prejudiced him.

Further, the record contained adequate evidence that independently supports the result reached in the Opinion and Order. This evidence consists of: (1) over 200 pages of Meador's medical records [R. 24], all of which substantiate the factual statements and medical opinions set forth in both Dr. Growse's Memorandum of Law and his actual Declaration, and (2) Meador's own admission that he had "cheeked" or hoarded his medication in violation of prison rules [R. 29. pp. 2-3; p. 6]. This evidence substantiates that the temporary adjustment to Meador's medications in 2011 was medically justified and did not amount to deliberate indifference to Meador's serious medical needs. Therefore, the Court did not commit a clear error of law in granting summary judgment to Dr. Growse.

As for the second and third criteria under Rule 59(e), Meador points to neither newly discovered evidence nor an intervening change in controlling law. The fourth and final consideration under Rule 59(e) is the need to prevent manifest injustice. Manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy. *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004). Here, no manifest injustice will ensue from the denial of Meador's Rule 59(e) motion. Again, Dr. Growse's Declaration was not filed in the record until March 7, 2014, but pages 2-5 of Dr. Growse's April 8, 2013, Memorandum of Law contained a detailed summary of that information and basically mirrored the wording of his subsequently filed Declaration. Meador not only

relied on that summary, he also *cited it* in his July 2, 2013, Response as if that summary *were* the actual Declaration. Therefore, Meador waived any possible error stemming from the delayed filing of Dr. Growse's actual Declaration, and the Opinion and Order did not subject him to manifest injustice. Meador's Rule 59(e) motion will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the motion to alter or amend the summary judgment [R. 37], filed Plaintiff Allen Meador, II, is **DENIED**.

This July 23, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY